IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02816-BNB

LAQUAN DWAYNE CARTER,

    Applicant,

v.

JULIE WANDS, Warehouseman/Warden,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Laquan Dwayne Carter, is a prisoner in the custody of the United States Bureau of Prisons at the Federal Correctional Institution in Florence, Colorado ("FCI-Florence"). Mr. Carter initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On December 13, 2010, he filed an amended habeas corpus application on the proper form. The Court must construe the amended application liberally because Mr. Carter is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the amended application and dismiss the action.

Mr. Carter asserts two claims challenging his confinement in federal prison. Although he concedes that he was duly convicted in the United States District Court for the District of Minnesota, Mr. Carter contends that he has satisfied his debt under the

Uniform Commercial Code ("UCC"), which discharges him from all liability under the judgment of conviction in his criminal case. Mr. Carter specifically asserts that Respondent, the warden at FCI-Florence, no longer has the right to retain him in custody because the storage charges have been paid.

Mr. Carter is not entitled to issuance of a writ of habeas corpus unless he is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). He cannot state a cognizable habeas corpus claim based upon alleged violations of the UCC because the UCC is not relevant to his federal conviction and is not federal law. *See Gilbert v. Monaco Coach Corp.*, 352 F.Supp.2d 1323, 1329 (N.D. Ga. 2004); *Motorola, Inc., v. Perry*, 917 F.Supp. 43, 48 n. 5 (D.D.C. 1996); *see also Crawford v. BOP*, No. 10-3108-RDR, 2010 WL 2671986 (D. Kan. June 30, 2010) (rejecting similar claims). Mr. Carter's conclusory references to due process and equal protection do not save his claims because the only facts alleged in support of his claims in this action relate to the asserted violations of the UCC. Therefore, the Court finds that Mr. Carter's claims lack any arguable merit and must be dismissed. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed.

DATED at Denver, Colorado, this 18th day of January, 2010.

BY THE COURT:

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02816-BNB

LaQuan D. Carter
Reg No. 14508-031
FCI - Florence
P.O. Box 6000
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on January 18, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk